RECEIVED
JUN 30 2004
KATHARINE S. HAYDEN
U.S. DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

KIRK J. DISCHINO,

    Defendant.

04 Civ. 3000 (KSH)

**FINAL JUDGMENT ON CONSENT AGAINST DEFENDANT KIRK J. DISCHINO**

---

The Securities and Exchange Commission having filed a Complaint and Defendant Kirk J. Dischino ("Dischino" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment,

    **NOW THEREFORE:**

I.

    **IT IS HEREBY ORDERED** that Dischino and Dischino's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or the mails, or any

facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS FURTHER ORDERED** that Dischino and Dischino's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by using any means or instruments of transportation or communication in interstate commerce or by using the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

**IT IS FURTHER ORDERED** that Dischino and Dischino's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)] in violation of Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)].

### IV.

**IT IS FURTHER ORDERED** that Dischino and Dischino's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. §78m(b)(2)(A)] in violation of Rule 13b2-1 of the Exchange Act [17 C.F.R. §240.13b2-1].

### V.

**IT IS FURTHER ORDERED** that Dischino and Dischino's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, while an officer or director of an issuer, from:

3

(a) making or causing to be made a materially false or misleading statement, or

(b) omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements are made, not misleading, to an accountant in connection with (1) any audit or examination of the financial statements of such issuer required to be made pursuant to the rules and regulations of the Exchange Act, 17 C.F.R. §§ 240.0-1 et seq., or (2) the preparation or filing of any document or report required to be filed with the Commission,

in violation of Rule 13b2-2 of the Exchange Act [17 C.F.R. § 240.13b2-2].

## VI.

**IT IS FURTHER ORDERED** that Dischino and Dischino's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, controlling any person who:

(a) fails to file with the Commission in accordance with the rules and regulations prescribed by the Commission, such information and documents as the Commission has prescribed;

(b) files with the Commission information and documents, including the amendments thereto, which contain false and materially misleading statements or omissions of material fact; or

(c) fails to file such further material information as is necessary to make the required statements made therein, in light of the circumstances in which they were made, not misleading,

4

in violation of Section 13(a) of the Exchange Act [15 U.S.C. §§ 78m(a)] and Rules 12b-20, 13a-1, 13a-11 and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11 and 240.13a-13], unless Dischino acts in good faith and does not directly or indirectly induce the act or acts constituting the violation.

## VII.

**IT IS FURTHER ORDERED** that Dischino and Dischino's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, controlling any person who fails to:

(a) make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

(b) devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (1) transactions are executed in accordance with management's general or specific authorization; (2) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; (3) access to assets is permitted only in accordance with management's general or specific authorization; and (4) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences,

in violation of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§

5

78m(b)(2)(A) and 78m(b)(2)(B)], unless Dischino acts in good faith and does not directly or indirectly induce the act or acts constituting the violation.

## VIII.

**IT IS FURTHER ORDERED** that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Dischino is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## IX.

**IT IS FURTHER ORDERED** that Dischino is liable for disgorgement of $215,734, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest in the amount of $21,932, and a civil penalty in the amount of $215,734 pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1]. Dischino shall satisfy this obligation in three installments according to the following payment schedule: (1) $151,133 within 10 days of the entry of this Final Judgment; (2) $151,133, plus post-judgment interest pursuant to 28 U.S.C. § 1961, within six months of the entry of this Final Judgment; and (3) $151,134, plus post-judgment interest pursuant to 28 U.S.C. § 1961, within twelve months of the entry of this Final Judgment. Each installment shall be paid to the Clerk of this Court, together with a cover letter identifying Kirk J. Dischino as a Defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Dischino shall simultaneously transmit photocopies of such payment and letter to:

Leslie Kazon, Esq.
Assistant Regional Director
Securities and Exchange Commission
Northeast Regional Office
233 Broadway
New York, New York 10279
Facsimile: (646) 428-1981.

By making these payments, Dischino relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Dischino. If Dischino fails to make any payment according to the schedule set forth above, all outstanding payments due under this Final Judgment, including post-judgment interest, shall become due and payable immediately.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Dischino shall not, in any

Related Investor Action, benefit from any offset or reduction of any investor's claim by the amount of any Fair Fund distribution to such investor in this action that is proportionately attributable to the civil penalty paid by Dischino ("Penalty Offset"). If the court in any Related Investor Action grants such an offset or reduction, Dischino shall, within 30 days after entry of a final order granting the offset or reduction, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Dischino by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## X.

**IT IS FURTHER ORDERED** that the Consent of Defendant Kirk J. Dischino is incorporated herein with the same force and effect as if fully set forth herein, and that Dischino shall comply with all of the undertakings and agreements set forth therein.

## XI.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Final Judgment.

## XII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

## CONSENT OF DEFENDANT
## KIRK J. DISCHINO

1. Defendant Kirk J. Dischino ("Dischino" or "Defendant") acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2. Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Dischino admits), Dischino hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Dischino from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e(a)], Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b) and 78m(b)(5)] and Rules 10b-5, 13b2-1 and 13b2-2 promulgated thereunder [17 C.F.R. §§ 240.10b-5, 240.13b2-1 and 240.13b2-2];

    (b) permanently restrains and enjoins Dischino, pursuant to Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)], from controlling any person who violates Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A) and 78m(b)(2)(B)] and Rules 12b-20, 13a-1, 13a-11 and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11 and 240.13a-13];

(c) orders Dischino to pay disgorgement in the amount of $215,734 plus prejudgment interest in the amount of $21,932;

(d) orders Dischino to pay a civil penalty in the amount of $215,734 pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1];

(e) provides that payment of the foregoing disgorgement, prejudgment interest and civil penalty shall be made in three installments according to the following payment schedule: (1) $151,133 within 10 days of the entry of the Final Judgment; (2) $151,133, plus post-judgment interest pursuant to 28 U.S.C. § 1961, within six months of the entry of the Final Judgment; and (3) $151,134, plus post-judgment interest pursuant to 28 U.S.C. § 1961, within twelve months of the entry of the Final Judgment, with all outstanding payments, including post-judgment interest, becoming due and payable immediately in the event Dischino fails to make any of the scheduled payments on the date required under the foregoing schedule; and

(f) prohibits Dischino, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

3.  Dischino acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Dischino agrees that he shall not, in any Related Investor Action, benefit from any offset or reduction of any investor's claim by the amount of any Fair Fund distribution to such investor in this action that is proportionately attributable to the civil penalty paid by Dischino ("Penalty Offset"). If the court in any Related Investor Action grants such an offset or reduction, Dischino agrees that he shall, within 30 days after entry of a final order granting the offset or reduction, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Dischino by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4.  Dischino agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Dischino pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Dischino further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Dischino pays pursuant to the Final

Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. Dischino waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Dischino waives the right, if any, to appeal from the entry of the Final Judgment.

7. Dischino enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Dischino to enter into this Consent.

8. Dischino agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9. Dischino will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Dischino waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Dischino of its terms and conditions. Dischino further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Dischino has received and read a copy of the Final Judgment.

11.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Dischino in this civil proceeding. Dischino acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Dischino waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Dischino further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Dischino understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

12.     Dischino understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In

compliance with this policy, Dischino agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Dischino hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Dischino breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Dischino's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Dischino hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by Dischino to defend against this action. For these purposes, Dischino agrees that Dischino is not the prevailing party in this action since the parties have reached a good faith settlement.

14. Dischino agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.  Dischino agrees that this Court shall retain jurisdiction over this matter for the purpose of enforc    e Final Judgm

Dated: April 12th, 2004  By: _____
                              Kirk J. Dischino

State of New Jersey:
County of Hudson:

On April 12th, 2004, Kirk J. Dischino, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

JEANETTE BOBINSKI
NOTARY PUBLIC, STATE OF NEW JERSEY
I.D. #2214405
MY COMMISSION EXPIRES 08/15/2006

Approved as to form:

_____
Paul J. Fishman, Esq.
Friedman Kaplan Seiler & Adelman LLP
Gateway One, 25th Floor
Newark, NJ 07102-5311
Tel. (973) 297-4700
Attorney for Defendant, Kirk J. Dischino

**SO ORDERED:**

Dated: June 30, 2004
Newark, New Jersey

_____
UNITED STATES DISTRICT JUDGE
Katharine S. Hayden

15