UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

MEASUREMENT SPECIALTIES, INC. and KIRK J. DISCHINO,

Defendants.

04 Civ 3000 (KSH)

**FINAL JUDGMENT ON CONSENT AGAINST DEFENDANT MEASUREMENT SPECIALTIES, INC.**

The Securities and Exchange Commission having filed a Complaint and Defendant Measurement Specialties, Inc. ("MSI" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over MSI and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment,

**NOW THEREFORE:**

I.

**IT IS HEREBY ORDERED** that MSI and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or the mails, or any

facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

**IT IS FURTHER ORDERED** that MSI and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by using any means or instruments of transportation or communication in interstate commerce or by using the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

**IT IS FURTHER ORDERED** that MSI and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(a) of the Exchange Act [15 U.S.C. §§ 78m(a)], and Rules 12b-20, 13a-1, 13a-11 and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11 and 240.13a-13] by, directly or indirectly:

(a) failing to file with the Commission in accordance with the rules and regulations prescribed by the Commission, such information and documents as the Commission has prescribed;

(b) filing with the Commission information and documents, including the amendments thereto, which contain false and materially misleading statements or omissions of material fact; or

(c) failing to file such further material information as is necessary to make the required statements made therein, in light of the circumstances in which they were made, not misleading.

IV.

**IT IS FURTHER ORDERED** that MSI and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)] by, directly or indirectly, failing to:

(a) make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

(b) devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (1) transactions are executed in accordance with management's general or specific authorization; (2) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; (3) access to assets is permitted only in accordance with management's general or specific authorization; and (4) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

V.

**IT IS FURTHER ORDERED** that MSI is liable for disgorgement of $1, representing profits gained as a result of the conduct alleged in the Complaint, and a civil penalty in the amount of $1 million pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. MSI shall satisfy this obligation by paying $1,000,001 within ten business days to the Clerk of this Court, together with a cover letter identifying MSI as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. MSI shall simultaneously transmit photocopies of such payment and letter to:

Leslie Kazon, Esq.
Assistant Regional Director
Securities and Exchange Commission
Northeast Regional Office
233 Broadway
New York, New York 10279
Facsimile: (646) 428-1981.

By making this payment, MSI relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to MSI.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, MSI shall not, in any Related Investor Action, benefit from any offset or reduction of any investor's claim by the amount of any Fair Fund distribution to such investor in this action that is proportionately attributable to the civil penalty paid by MSI ("Penalty Offset"). If the court in any Related Investor Action grants such an offset or reduction, MSI shall, within 30 days after entry of a final order granting the

offset or reduction, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against MSI by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VI.

**IT IS FURTHER ORDERED** that the Consent of Defendant Measurement Specialties, Inc. is incorporated herein with the same force and effect as if fully set forth herein, and that MSI shall comply with all of the undertakings and agreements set forth therein.

VII.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Final Judgment.

**CONSENT OF DEFENDANT**
**MEASUREMENT SPECIALTIES, INC.**

1. Defendant Measurement Specialties, Inc. ("MSI" or "Defendant") acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over it and over the subject matter of this action.

2. Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which MSI admits), MSI hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a) permanently restrains and enjoins MSI from violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e(a)], Section 10(b), 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b), 78m(a), 78m(b)(2)(A) and 78m(b)(2)(B)], and Rules 10b-5, 12b-20, 13a-1, 13a-11 and 13a-13 [17 C.F.R. §§ 240.10b-5, 240.12b-20, 240.13a-1, 240.13a-11 and 240.13a-13] promulgated thereunder;

(b) orders MSI to pay disgorgement in the amount of $1; and

(c) orders MSI to pay a civil penalty in the amount of $1 million under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

3. MSI acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall

be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, MSI agrees that it shall not, in any Related Investor Action, benefit from any offset or reduction of any investor's claim by the amount of any Fair Fund distribution to such investor in this action that is proportionately attributable to the civil penalty paid by MSI ("Penalty Offset"). If the court in any Related Investor Action grants such an offset or reduction, MSI agrees that it shall, within 30 days after entry of a final order granting the offset or reduction, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against MSI by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4. MSI agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that MSI pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. MSI further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that MSI pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. MSI waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. MSI waives the right, if any, to appeal from the entry of the Final Judgment.

7. MSI enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce MSI to enter into this Consent.

8. MSI agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9. MSI will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. MSI waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to MSI of its terms and conditions. MSI further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that MSI has received and read a copy of the Final Judgment.

11. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against MSI in this civil proceeding. MSI acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. MSI waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of

any remedy or civil penalty herein. MSI further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, MSI understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

12. MSI understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, MSI agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, MSI hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If MSI breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects MSI's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. MSI hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue

reimbursement of attorney's fees or other fees, expenses, or costs expended by MSI to defend against this action. For these purposes, MSI agrees that MSI is not the prevailing party in this action since the parties have reached a good faith settlement.

14. MSI agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. MSI agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Measurement Specialties, Inc.

Dated: December 22, 2003

By: ____________________
Frank Guidone
President and Chief Executive Officer
Measurement Specialties, Inc.
710 Route 46 East, Suite 206
Fairfield, NJ 07004

On December 22, 2003, Frank Guidone, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Measurement Specialties, Inc. as its President and Chief Executive Officer.

____________________
Notary Public
Commission expires:

MARGARET NELSON
NOTARY PUBLIC
State of Texas
Comm. Exp. 12-28-2006

Approved as to form:

____________________
Seth T. Taube, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4096
Tel. (973) 622-4444
Attorney for Defendant Measurement Specialties, Inc.

**SO ORDERED:**

Dated: June 30, 2004

Newark, New Jersey

____________________
UNITED STATES DISTRICT JUDGE
Katharine S. Hayden

RESOLUTION
OF
MEASUREMENT SPECIALTIES, INC.

I, Frank Guidone, President and Chief Executive Officer, Measurement Specialties, Inc., hereby certify that the following resolution was duly enacted at a meeting of the Board of Directors of Measurement Specialties, Inc. held on DECEMBER 15, 2003.

RESOLVED, that:

Frank Guidone is authorized and directed to execute, on behalf of Measurement Specialties, Inc., the Consent of Measurement Specialties, Inc. to the Final Judgment on Consent Against Defendant Measurement Specialties, Inc. ("Consent"), attached hereto and made part hereof, for submission to the United States District Court, District of New Jersey in a civil action to be filed entitled, "Securities & Exchange Commission v. Measurement Specialties, Inc. and Kirk J. Dischino," and the aforementioned officer be and hereby is authorized to undertake such further actions for and on behalf of Measurement Specialties, Inc. as he may deem necessary and advisable, including the execution of such documents as may be required by the Securities and Exchange Commission or the Court, in order to effectuate the foregoing Consent.

I further certify that the aforesaid resolution has not been amended or revoked in any respect and is still in full force and effect.

Measurement Specialties, Inc.

Dated: DECEMBER 22, 2003

By: ______________________
Frank Guidone
President and Chief Executive Officer
Measurement Specialties, Inc.
710 Route 46 East, Suite 206
Fairfield, NJ 07004